IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR 2 1 2014

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| THE STARR CONSPIRACY, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-101-A |
| | § | |
| GLOBAL HR RESEARCH, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

     Before the court for decision are the motion of defendant,

Global HR Research, to dismiss for lack of personal jurisdiction

and its alternative motion to transfer venue pursuant to the

authority of 28 U.S.C. § 1404(a).  After having considered such

motion and alternative motion, plaintiff's response thereto, the

complaint, and pertinent legal authorities, the court has

concluded that such motion and alternative motion should be

denied.

I.

History of Litigation and
Pertinent Allegations of Plaintiff's Complaint

     This action was initiated in the District Court of Tarrant

County, Texas, 153rd Judicial District, by plaintiff, The Starr

Conspiracy, LLC, against defendant.  Defendant removed the action

to this court based on this court's diversity jurisdiction by

notice of removal, amended February 20, 2014. By the time the case was removed, plaintiff had filed an amended state court pleading.[1]

Plaintiff sought by its complaint to recover $105,000.00 actual damages allegedly resulting from defendant's failure to pay what it owed to plaintiff for performance by plaintiff of services calculated to assist defendant in the successful conduct of its business activities pursuant to a contract between plaintiff and defendant, plus attorneys' fees and pre- and post-judgment interest. In support of its contention that this court should exercise in personam jurisdiction over defendant, plaintiff made the following allegations in its complaint:

> This Court has jurisdiction over this case because Plaintiff seeks relief in an amount and of a character within this Court's jurisdiction. This Court has jurisdiction over Defendant pursuant to Texas Civil Practice and Remedies Code 17.042 because Defendant has sufficient minimum contacts with the State of Texas and purposefully directed activities at Plaintiff in the state of Texas. Defendant contracted with Plaintiff, a Texas resident, and either party was required to perform the contract in whole or in part in this state. Defendant has substantial, continuous, and systematic contacts with Texas and has purposefully availed itself of the benefits and protection of Texas by establishing minimum contacts with Texas. Additionally, Defendant has created continuing relationships and obligations

---

[1] Texas law contemplates that a plaintiff's pleading will be referred to as a "petition." Plaintiff's amended state court pleading was titled "Plaintiff's First Amended Original Petition and Request for Disclosure." Am. Notice of Removal, Ex. A, Tab 3. Consistent with federal court practice, the court refers to plaintiff's pleading as a "complaint."

> with citizens of Texas and contracted in Texas.  This
> Court has personal jurisdiction over Defendant because
> the cause of action asserted herein relates to, and
> arises from, those contacts.  The Court's exercise of
> jurisdiction over Defendant does not offend traditional
> notions of fair play or substantial justice.

Am. Notice of Removal, Ex. A, Tab 3 at 2-3, ¶ 5.

　　The notice of removal, as amended, alleged that plaintiff

was a Texas limited liability company with its principal place of

business in Texas whose members were all citizens of the State of

the Texas and that defendant was a limited liability company with

its principal place of business in Florida whose members had

various states of citizenship, some in Florida, some in New

Hampshire, some in South Carolina, some in Pennsylvania, some in

New York, and some in Minnesota.

　　On February 14, 2014, defendant filed its motion to dismiss

for lack of personal jurisdiction and its alternative motion to

transfer venue, supported by a brief and an accompanying

appendix.  Defendant maintained that plaintiff failed to carry

its burden to establish that defendant had contact with Texas

sufficient for this court to exercise personal jurisdiction over

defendant and that exercise by this court of personal

jurisdiction over defendant would offend traditional notions of

fair play and substantial justice.  In support of its alternative

motion for transfer of venue, defendant alleged that it has

established existence of facts that authorize this court to

transfer venue to a court in Florida under the authority of

28 U.S.C. § 1404(a).  Plaintiff responded with a supporting brief

and appendix, asserting that facts to which plaintiff called the

court's attention in the appendix authorize this court to

exercise personal jurisdiction over defendant and make

inappropriate the transfer of venue requested by defendant.

II.

Analysis

A.    The *In Personam* Jurisdiction Issue

1.    Pertinent Legal Principles

When a nonresident defendant presents a motion to dismiss

for lack of personal jurisdiction, the plaintiff bears the burden

of establishing that in personam jurisdiction exists.  Wilson v.

Belin, 20 F.3d 644, 648 (5th Cir.), cert. denied, 513 U.S. 930

(1994); Stuart v. Spademan, 772 F.2d 1185, 1192 (5th Cir. 1985);

D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg,

Inc., 754 F.2d 542, 545-46 (5th Cir. 1985).  The plaintiff need

not, however, establish personal jurisdiction by a preponderance

of the evidence; at this stage,[2] prima facie evidence of personal

jurisdiction is sufficient.  WNS, Inc. v. Farrow, 884 F.2d 200,

---

[2] Eventually, plaintiff must prove by a preponderance of the evidence that jurisdiction exists. See DeMelo v. Toche Marine, Inc., 711 F.2d 1260, 1271 n.12 (5th Cir. 1983).

203 (5th Cir. 1989); Wyatt v. Kaplan, 686 F.2d 276, 280 (5th Cir.

1982).  The court may resolve a jurisdictional issue by reviewing

pleadings, affidavits, interrogatories, depositions, oral

testimony, exhibits, any part of the record, and any combination

thereof.  Command-Aire Corp. v. Ontario Mechanical Sales & Serv.,

Inc., 963 F.2d 90, 95 (5th Cir. 1992).  Allegations of the

plaintiff's complaint are taken as true except to the extent that

they are contradicted by defendant's affidavits.  Wyatt, 686 F.2d

at 282-83 n.13 (citing Black v. Acme Markets, Inc., 564 F.2d 681,

683 n.3 (5th Cir. 1977)).  Any genuine, material conflicts

between the facts established by the parties' affidavits and

other evidence are resolved in favor of plaintiff for the

purposes of determining whether a prima facie case exists.  Jones

v. Petty-Ray Geophysical Geosource, Inc., 954 F.2d 1061, 1067

(5th Cir.), cert. denied, 506 U.S. 867 (1992); Bullion v.

Gillespie, 895 F.2d 213, 217 (5th Cir. 1990).

     In a diversity action, personal jurisdiction over a

nonresident may be exercised if (1) the nonresident defendant is

amenable to service of process under the law of a forum state,

and (2) the exercise of jurisdiction under state law comports

with the due process clause of the Fourteenth Amendment.  Wilson,

20 F.3d at 646-47; Thompson v. Chrysler Motors Corp., 755 F.2d

1162, 1166 (5th Cir. 1985) (quoting Smith v. DeWalt Prods. Corp.,

743 F.2d 277, 278 (5th Cir. 1984)). Since the Texas long-arm statute has been interpreted as extending to the limits of due process,[3] the only inquiry is whether the exercise of jurisdiction over the nonresident defendant would be constitutionally permissible. Bullion, 895 F.2d at 216; Stuart, 772 F.2d at 1189.

For due process to be satisfied, (1) the nonresident defendant must have "minimum contacts" with the forum state resulting from an affirmative act on the defendant's part, and (2) the contacts must be such that the exercise of jurisdiction over the person of the defendant does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).

The minimum contacts prong of the due process requirement can be satisfied by a finding of either "specific" or "general" jurisdiction over the nonresident defendant. Bullion, 895 F.2d at 216. Plaintiff does not maintain in this action that this court has general in personam jurisdiction over defendant, but limits its response to its contention that the court has specific

---

[3] See, e.g., Guardian Royal Exchange Assurance Ltd. v. English China Clays, P.L.C., 815 S.W.2d 223, 226 (Tex. 1991); Schlobohm v. Schapiro, 784 S.W.2d 355, 357 (Tex. 1990); Kawasaki Steel Corp. v. Middleton, 699 S.W.2d 199, 200 (Tex. 1985).

6

jurisdiction over defendant. Resp. at 7, section c. Therefore, the court does not further discuss the concept of general jurisdiction. For specific jurisdiction to exist, the foreign defendant must purposefully do some act or consummate some transaction in the forum state and the cause of action must arise from or be connected with such act or transaction. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

The second prong of the due process analysis is whether exercise of jurisdiction over the nonresident defendant would comport with traditional notions of fair play and substantial justice. International Shoe, 326 U.S. at 316. Once the plaintiff establishes existence of minimum contacts, the defendant then has the burden to show that the assertion of jurisdiction would be unfair or unreasonable. See Cent. Freight Lines, Inc. v. APA Transp. Corp., 322 F.3d 376, 384 (5th Cir. 2003). In determining whether the exercise of jurisdiction would be reasonable such that it does not offend traditional notions of fair play and substantial justice, the Supreme Court has instructed that courts look to the following factors: (1) the burden on the defendant, (2) the interests of the forum state, (3) the plaintiff's interest in obtaining relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) shared interest of

the several states in furthering fundamental substantive social
policies.  <u>Asahi Metal Indus. Co. v. Superior Court</u>, 480 U.S.
102, 113 (1987) (citing <u>World-Wide Volkswagen Corp. v. Woodson</u>,
444 U.S. 286, 292 (1980)).

    2.   <u>The Court Has Concluded That It Is Authorized to
Exercise <i>In Personam</i> Jurisdiction Over Defendant</u>

        a.   <u>Plaintiff Has Satisfied the "Minimum Contacts"
Prong</u>

Plaintiff provides evidence of the following facts in its
response to defendant's motions:

Plaintiff has its principal offices in Fort Worth, Texas.
It does not have any office outside of Texas.  Defendant, acting
through its president, Brandon Phillips ("Phillips"), contacted
plaintiff through plaintiff's website in August 2012 inquiring
whether plaintiff would be interested in working with defendant.
Over a period of months after that, plaintiff and defendant,
through their respective representatives, had lengthy discussions
by telephone and email discussing the potential scope of the work
that would be involved if plaintiff and defendant reached an
agreement.  In February 2013, plaintiff entered into a Retained
Services Agreement with defendant.  During the August 2012
through February 13, 2013 time period, representatives of
defendant called representatives of plaintiff in Texas over a
dozen times to negotiate the contractual terms and emailed

8

employees of plaintiff in Texas to discuss the work to be performed, potential return on investment, and proposed contractual terms.

The agreement that was reached in February 2013 was intended to create a long-term relationship between plaintiff and defendant, stating plaintiff's intent to "work with [defendant] for a very long time." Mots., App. at 39. Plaintiff considered the agreement to be executed upon its receipt from defendant of a signed and dated copy, which it received in its Fort Worth, Texas office on February 28, 2013. One of the terms of the agreement was that their contractual relationship was to begin with an in-person planning session and kickoff meeting in Fort Worth, Texas in March 2013. Phillips personally attended that session/meeting in Fort Worth on behalf of defendant. The planning session was critical to the implementation of the work contemplated by the agreement. Defendant is the one who chose to conduct the session/meeting in Fort Worth.

During the Fort Worth session/meeting, plaintiff and defendant, through their respective representatives, engaged in discussions about defendant's business goals, plaintiff audited defendant's current marketing strategy, and the parties worked together to arrive at a mutually agreeable marketing plan suited to defendant's business and marketing objectives. The in-person

planning session resulted in plaintiff's creation of a comprehensive marketing plan and a ninety-day project plan to specify actual incentives, important milestones, and dependable due dates.  Those marketing and consulting services are the specific marketing and consulting services provided to defendant by plaintiff for which defendant has failed to pay.

All of the work done by plaintiff for defendant pursuant to the agreement was done in Fort Worth, Texas, and defendant knew that would be the fact when it reached its agreement with plaintiff.  The results of plaintiff's work were sent from Texas to defendant.

Defendant had regular, active input into the work being done by plaintiff in Texas through email and telephone communications. The parties conducted at least seventeen regularly scheduled weekly telephone calls regarding the ongoing work being performed by plaintiff in addition to several non-scheduled calls made by defendant to plaintiff.

All of plaintiff's officers and employees, including those who negotiated the agreement with defendant, reside in Texas. Many of them are probable witnesses in this action.  All of plaintiff's relevant computer files, records, and bank records are located in Texas.

* * * * *

Defendant did not take issue with any of the facts established by plaintiff's evidence, as summarized above.  The court is satisfied that defendant's contacts with Texas have been sufficient to satisfy the "minimum contacts" with Texas prong of the due process standard.  Those contacts resulted from affirmative acts on defendant's part.  Defendant purposefully did an act and consummated a transaction in Texas, and plaintiff's cause of action arises from and is connected with that act and transaction.

> b.   There Has Been No Showing That Exercise of Jurisdiction Over Defendant Would Be Unfair or Unreasonable

It is apparent that if the litigation takes place in Texas rather than Florida, defendant will incur travel expense for personnel to come to Texas to serve as witnesses.  Other than that, the court has not been apprised of any fact that would bear in favor of defendant on the "burden" factor.  The State of Texas has an interest in seeing that the contractual rights of its citizens are protected; and, plaintiff obviously has an interest in obtaining in Texas the relief it seeks in this litigation.  Neither of the other factors favors defendant.  Consequently, the court has no reason to think that the exercise of jurisdiction

11

over defendant would offend "traditional notions of fair play and substantial justice."  International Shoe Co., 326 U.S. at 316.

\* \* \* \* \*

For the reasons stated above, the court has concluded that the motion to dismiss for lack of in personam jurisdiction should be denied.

B.   The Motion to Transfer Venue

The motion to transfer venue is based on the provisions of 28 U.S.C. § 1404(a), which provides, in pertinent part, that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought."  This action could have been brought in the United States District Court for the Middle District of Florida, Fort Myers Division, the court to which transfer is sought.  However, the court is not persuaded that the interest of justice would be served by transferring this case to Florida.  To prevail on its motion to transfer, defendant must clearly demonstrate that the requested transfer is for the convenience of the parties and witnesses, and in the interest of justice.  In Re Volkswagen of Am., Inc., 545 F.3d 304, 315 (5th Cir. 2008)(en banc).  There has been no showing that the interest of justice would be served by causing plaintiff to be inconvenienced by litigation in Florida rather

12

than to permit defendant to be inconvenienced by litigation in Texas.   There is no indication that defendant would have to bring more witnesses to Texas if the action remains here than plaintiff would have to transport to Florida if the action were to be moved there.   The court is denying the motion to transfer venue.

III.

Order

For the reasons stated above,

The court ORDERS that defendant's motion to dismiss and alternative motion to transfer venue be, and are hereby, denied.

SIGNED April 21, 2014.

_____
JOHN McBRYDE
United States District Judge

13